# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
March 4, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ALICE A. PROFFITT,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0509** (BOR Appeal No. 2048929)
            (Claim No. 2001056099)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**COMMUNITY HEALTH ASSOCIATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Alice A. Proffitt, by Edwin H. Pancake, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Noah A. Barnes, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 1, 2014, in which the Board affirmed an October 22, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 1, 2013, decision denying a request for sacroiliac joint injections. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Ms. Proffitt worked as a registered nurse for Community Health Association. On February 21, 2001, she injured her calf when an IV pole fell and struck her. She filed an application for workers' compensation, and the claims administrator held her injury compensable. Ms. Proffitt initially received conservative care, which included anti-inflammatory treatment and physical therapy. However, several years later she began to experience burning and stinging sensations in her left leg and was eventually diagnosed with reflex sympathetic dystrophy. Following the development of these symptoms, Christopher Martin, M.D., evaluated Ms. Proffitt. He found that she was not receiving any active treatment for her compensable injury but was receiving spinal nerve blocks. He believed she had reached her maximum degree of medical improvement. He also found that her complaints were not consistent with reflex sympathetic dystrophy and recommended against adding the condition to the claim. The Office of Judges, however, added reflex sympathetic dystrophy as a compensable condition. Ms. Proffitt then came under the care of Gregory D'Eramo, M.D., who requested authorization for several pain treatments including a spinal cord stimulator. The claims administrator rejected these requests, and although she initially protested the decision, Ms. Proffitt eventually withdrew her objection to these denials. Bill Hennessey, M.D., then evaluated Ms. Proffitt and determined that her left leg pain was growing progressively worse. He found that she had mild swelling of the lower leg. However, Dr. Hennessey believed that she had reached her maximum degree of medical improvement and had fully recovered from her left leg injury and reflex sympathetic dystrophy. He also found that sacroiliac joint injections should not be authorized because her lower back condition was not part of the claim. He found that her overall health was significantly affected by her obesity and tobacco use. Ms. Proffitt then underwent a thoracic spine x-ray which revealed multilevel degenerative changes and endplate irregularity. An MRI was also taken which showed a left disc protrusion at the T6-7 level resulting in mild spinal canal stenosis. The MRI also showed minimal disc bulging at the T7-8 disc. Paul Bachwitt, M.D., evaluated Ms. Proffitt after these tests. He found that Ms. Proffitt complained of left hip and sacroiliac pain as well as burning in the lower leg. Dr. Bachwitt, however, found that Ms. Proffitt's lower leg contusion had completely resolved. He determined that Ms. Proffitt did not need sacroiliac joint injections related to her compensable injury. Dr. D'Eramo then wrote a letter to the claims administrator stating that Ms. Proffitt still required maintenance treatment in the form of injections to treat the chronic pain associated with her reflex sympathetic dystrophy. On May 1, 2013, the claims administrator denied Dr. D'Eramo's request for sacroiliac joint injections. On October 22, 2013, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on May 1, 2014, leading Ms. Proffitt to appeal.

The Office of Judges concluded that Ms. Proffitt did not show by a preponderance of the evidence that a sacroiliac joint injection was reasonably required treatment for her compensable injury. The Office of Judges based this conclusion on the letter from Dr. D'Eramo. It found this letter demonstrated that the injections were related to Ms. Proffitt's sacroiliac joint, which was not a compensable condition of the claim. The Office of Judges noted that a left leg contusion and reflex sympathetic dystrophy were the only compensable conditions of the claim. It determined that there was no reliable evidence that the requested injections were intended to treat either of these conditions. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

2

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Ms. Proffitt has not demonstrated that the requested sacroiliac joint injections are medically related and reasonably required to treat her compensable injury. The record demonstrates that the compensable injury affected her left calf, and her claim was held compensable for a calf contusion and reflex sympathetic dystrophy. The evaluations in the record further demonstrate that Ms. Proffitt has reached her maximum degree of medical improvement and does not need any additional treatment related to the compensable injury. Although Dr. D'Eramo's letter indicates that her need for sacroiliac joint injections is related to her reflex sympathetic dystrophy, he does not sufficiently support his assertion. The Office of Judges was within its discretion in finding that the requested injections should not be authorized.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  March 4, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum

3